IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SPINRILLA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | 1:20-cv-0492-AT |
| | ) | |
| RECORDING INDUSTRY ASSOCIATION OF AMERICA, INC., | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## SPINRILLA, LLC'S RULE 56(D) MOTION

Spinrilla, LLC ("Spinrilla") files this Motion under Rule 56(d) of the Federal Rules of Civil Procedure requesting that the Court defer ruling of Defendant's Motion for Summary Judgment (Dkt. 13) until thirty (30) days after the close of the discovery period in this action in the event that the Court determines that Spinrilla did not raise a genuine issue of material fact in its Opposition Brief filed concurrently herewith.

**I.   Introduction**

If the Court does not deny Defendant's Motion for Summary Judgment (Dkt. 13) based on genuine disputes of material facts, Spinrilla should be afforded the opportunity to conduct discovery under Rule 56(d) of the Federal Rules of Civil

1

Procedure. In its Motion, Defendant relies heavily on the Declaration of Traci Crippen (Dkt. 13-3). Spinrilla should be allowed to conduct written discovery and depose Ms. Crippen prior to a ruling on the Motion for Summary Judgment (Dkt. 13).

## II.  Factual Background

Spinrilla filed a Complaint against Defendant Recording Industry Association of America, Inc., ("Defendant" or "RIAA") on February 1, 2020 alleging violation of 17 U.S.C. Section 512 because Defendant is sending DMCA takedown notices, some of which contain knowingly, material misrepresentations that audio files uploaded by certain Spinrilla users infringe sound recordings owned by Defendant's members. (Dkt. 1). Prior to filing the Complaint, Spinrilla notified Defendant that the Defendant was including audio files in its takedown notices based on text searches only. (Lilenfeld Dec., at ¶ 2 and Exhibit 1). Spinrilla knew that this was happening because in certain instances, the content of the actual audio file does not match the artist/name of the sound recording listed in the takedown notice. (Lilenfeld Dec., at ¶ 2 and Exhibit 1). On September 24, 2019, Spinrilla provided Defendant with a specific example of an audio file included in the August 29, 2019 takedown notice where the metadata did not match the actual sound recording. (Exhibit 1). In both communications with Defendant, Spinrilla asked that Defendant not request

removal of content based only on text searched. (Exhibit 1).

The example provided by Spinrilla to Defendant in the September 24, 2019 email communication was not the only instance of Defendant demanding that Spinrilla remove an allegedly infringing audio file where the content of that audio file did not match the metadata associated with the audio file.

Despite this notice and request, Defendant continued to send overinclusive takedown notices that included a demand to remove an allegedly infringing audio file where the metadata did not match the contents of the audio file. (*See* Spinrilla's Opposition to Defendant's Motion to Dismiss filed concurrently herewith at pp. 15-16). Accordingly, Spinrilla filed suit under Section 512(f) of the Copyright Act on February 1, 2020.

On March 30, 2020, Defendant filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. (Dkt. 13). In support of its Motion for Summary Judgment, Defendant relies on the Declaration of Traci Crippen (Dkt. 13-3), which Defendant claims "establishes" that Defendant had a subjective good faith belief that the "*2 Minute Warning*" audio file listed as an example of one of Defendant's 512(f) violations in Paragraph 43 of the Complaint ("Audio File") that Defendant focuses on in its Motion for Summary Judgment. (Def. Br., Dkt. 13-1 at 14). That Audio File is over 7 minutes long and contains over 6 minutes of white

noise. (*See* Exhibit E to Spinrilla's Opposition to Defendant's Motion filed concurrently herewith).

Despite containing 14 paragraphs, Ms. Crippen's declaration contains only one (1) paragraph based on her personal knowledge that pertains to contents of the audio file as opposed to the metadata associated with the file (including the artist/song name provided by the Spinrilla user who uploaded the file) and other track listings uploaded at the same time. That paragraph reads:

> 12. Upon learning of the Audio File from UMG, I listened to the Audio File and determined that it infringed UMG's copyrights. I also determined that, in my belief, it did not qualify for the "fair use" exception to copyright infringement, based on my knowledge of that exception.

(Crippin Dec., Dkt. 13-3, at ¶ 12). Notably, Ms. Crippin's declaration does not specify any content in the Audio File which she determined was infringing or include details regarding her comparison of the Audio File to the copyrighted sound recording. Nor did Ms. Crippen provide a basis for her determination that the Audio File did not qualify for the fair use exception.

### III. Argument and Citation to Authorities

**A. If the Court does not deny Defendant's Motion for Summary Judgment, Spinrilla should be allowed under Federal Rule of Civil Procedure 56(d) to conduct discovery**

Spinrilla set forth numerous facts that create a genuine issue of material fact

preventing Defendant from obtaining summary judgment at this early stage in its Opposition Brief filed concurrently herewith. But, as detailed in its concurrently filed Rule 56(d) Motion, if the Court disagrees it should defer ruling on Defendant's Motion until thirty (30) days after the close of discovery in order to allow Spinrilla to obtain discovery so that it may present additional facts essential to Defendant's alleged good faith belief that each of the audio files contained in its takedown notices infringe copyrights owned by Defendant's members.

> i. *Legal Standard*

Pursuant to Federal Rule of Civil Procedure 56(d), when a nonmovant shows by declaration that, "for specified reasons, it cannot present facts essential to justify its opposition," the Court may, in its discretion, "allow time . . . to take discovery." (*See also, Wingster v. Head,* 318 Fed. App'x. 89, 813 (11th Cir. 2009) ("When a summary judgment motion is filed, Federal Rule of Civil Procedure 56 ([d]) allows a district court, before deciding that pending motion, to grant a continuance for additional discovery . . . .")). "Rule 56([d]) specifically addresses the question of summary judgment before discovery has taken place." (*Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843 (11th Cir. 1989)). "The parties' comparative access to the witnesses or material relevant to the disposition of the rule 56(d) motion is a particularly salient factor for the trial court to consider in exercising its discretion."

(*Walters v. City of Ocean Springs,* 626 F.2d 1317, 1321 (5th Cir. 1980)*; see also, Stanislaus v. Emory University,* No. 1:05-cv-1496-RWS, 2006 WL 8432146, at *5 (N.D. Ga. July 28, 2006)).

  ii. *Additional Discovery Will Unearth Genuine Issues of Fact*

  Discovery has not yet begun in this case. Yet, Defendant filed a Motion for Summary Judgment, relying exclusively on a self-serving declaration. Defendant argues that declaration (Dkt. 13-3) "establishes" that it is entitled to judgment as a matter of law because Defendant had a subjective, good faith belief that the Audio File infringed one of its members copyrights. (Dkt. 13-1 at 14-21).

  But, the majority of facts relevant to whether or not Defendant had a subjective good faith belief that the Audio File was infringing are exclusively in Defendant's control. The essential elements of copyright infringement are (1) ownership of a valid copyright and (2) that defendant copied the constituent elements of the copyrighted work that are original. (*See e.g., Original Appalachian Artworks, Inc. v. Toyloft, Inc.,* 684 F.2d 821, 829 (11th Cir. 1982)). To prove copying, a copyright plaintiff must prove that "(1) the defendant had access to the work and (2) that the defendant's work is substantially similar to the plaintiff's." (*Original Appalachian Artworks*, 684 F.2d at 829). Fair use is a much more complex analysis. Courts consider four factors in the fair use analysis: (1) the purpose of the allegedly

infringing use, (2) the nature of the original work, (3) the size and significance of the portion of the original work that was copied, and (4) the effect of the allegedly infringing use on the potential market for or value of the original. (*Cambridge v. University Press v. Patton, 768 F.3d 1232, 1238 (11th Cir. 2014)*). When determining whether a work is a fair use, the court must consider all the factors and the results weighed together, "in light of the purposes of copyright." (*Campbell v. Acuff-Rose Music, Inc.,* 510 U.S. 569, 578 (1994); *see also Cambridge,* 769 F.3d at 1238 (These factors establish the contours within which a court may investigate whether, in a given case, a finding of fair use would serve the objectives of copyright.")).

In light of the infringement and fair use standards, the follow areas of inquiry would provide facts that Spinrilla would use in opposition to Defendant's Motion for Summary Judgment:

- Ms. Crippen's credentials, experience and ability to determine alleged infringement of audio files;
- the portions of the audio file Ms. Crippen identified as allegedly infringing,
- Ms. Crippen's comparison of those portions to the copyrighted *2 Minute Warning* sound recording, and

- the steps Ms. Crippen took to determine that the Audio File was not "fair use" as well as the details of her analysis.

(Lilenfeld Dec. at ¶ 6). All of these facts are exclusively within Defendant's control. The following information is also within Defendant's exclusive control:

- Defendant's general policies regarding the identification of allegedly infringing songs, including its use of text-based searching;

- whether Defendant investigated Spinrilla's September 2019 email communications to the RIAA regarding inclusion of audio files where the metadata did not match the actual sound recording; and, if so what that investigation entailed;

- whether Defendant (or its members) have received similar notifications from other alleged infringers;

- Defendant's motivation to send over-inclusive takedown notices;

(Lilenfeld Dec. at ¶ 6).

Spinrilla should be allowed to conduct discovery to prove its legal and factual theories regarding violation of Section 512(f) of the Copyright Act. By filing a summary judgment motion before discovery has opened, Defendant is attempting to deprive Spinrilla of an opportunity to fully respond and prove that there is a dispute of material fact. The only way that Spinrilla can inquire about Ms. Crippen's

investigation is to take discovery – both through a deposition of Ms. Crippen and through broader discovery concerning Defendant's policies and procedures regarding takedown notices sent to Spinrilla.

Thus, a deposition of Traci Crippen is essential in this case to test the credibility of her statements as well as to gather additional essential facts not included in her Declaration. "The Eleventh Circuit 'has often noted that summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery' because 'the party opposing a motion for summary judgment has a right to challenge the affidavits…submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits.'" (*Castle v. Florida*, No. 6:18-cv-243-Orl-41GJK, 2018 WL 3150259, at * 1 (M.D. Fla. June 14, 2018) *quoting Snook v. Trust Co. of Ga.*, 859 F.2d 865, 869 (11th Cir. 1988); *see also Parrish v. Bd. Of Commr's of the Ala. State Bar*, 533 F.2d 942, 948 (5th Cir. 1976)).  Moreover, in defending a summary judgment motion, a party should be allowed to take the deposition of an individual relied upon in the moving party's motion for summary judgment.  (*Duvall v. Infinity Sales Grp., LLC*, No. 13-80768-CIV, 2014 U.S. Dist. LEXIS 186325, at *2-3 (S.D. Fla. Apr. 18, 2014)).

The specific discovery that Spinrilla intends to pursue to further develop the

facts includes:

- the deposition of Ms. Crippen to gather additional facts regarding her credentials, credibility and to gather additional facts regarding her investigation of the audio file attached as Exhibit 2 to Spinrilla's Complaint which forms the basis of Defendant's motion (the "Audio File"), including
    - the portions of the audio file Ms. Crippen identified as allegedly infringing,
    - Ms. Crippen's comparison of those portions to the copyrighted 2 Minute Warning sound recording, and
    - the steps Ms. Crippen took to determine that the Audio File was not "fair use";
- written discovery regarding the process and procedures through which the RIAA's "online piracy team constantly monitors the illegal trading of copyrighted songs" as described on RIAA's website, located at <www.riaa.com/about-riaa/become-an-riaa-member>;
- written discovery regarding Defendant's general policies and procedures for identifying audio files that are the listed in a takedown notice, including the policy and procedure for determining whether an

audio file is infringing and not fair use;

- written discovery regarding the identity of individuals involved in creating the policy and procedures for for identifying audio files that are the listed in a takedown notice, including the policy and procedure for determining whether an audio file is infringing and not fair use;
- discovery relating to other inaccurate takedown notices sent by Defendant to Spinrilla; more specifically, how the audio files in these notices were identified as infringing; were they confirmed as infringing prior to being included in a notice;
- written discovery relating to the individuals involved in identifying allegedly infringing material on Spinrilla and preparing takedown notices to Spinrilla;
- discovery relating to the RIAA's internal and external communications about Spinrilla;
- written discovery regarding whether Defendant investigated Spinrilla's September 2019 email communications to the RIAA regarding inclusion of audio files where the metadata did not match the actual sound recording; and, if so what that investigation entailed;
- written discovery regarding Defendant's knowledge of material

  misrepresentations in takedown notices sent to third parties;

- deposition of Defendant to further inquire regarding these topics;
- depositions of any of Defendant's employees who were involved in identifying or confirming audio files on Spinrilla that were included in takedown notices to Spinrilla, as this may inform the Court if Defendant is sending the notices in good faith (or sending the notices consistent with the statute).

(Lilenfeld Dec. at ¶ 6).

  Accordingly, this Court, if it does not deny the Motion based on Spirilla already raising a genuine issue of material fact for trial, should defer ruling on the Motion to allow Spinrilla to conduct necessary discovery.

## IV. Conclusion

  For the foregoing reasons, Spinrilla requests that this Court deny Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. Alternatively, Spinrilla request that this Court defer Defendant's Motion for Summary Judgment to allow Spinrilla to conduct discovery, including the deposition of Traci Crippen so that it may present additional facts essential to Defendant's alleged good faith belief that audio files contained in the takedown notices infringed copyrights held by Defendant's members.

Respectfully submitted this 1st day of May, 2020.

**LILENFELD PC**

/s/David M. Lilenfeld
David M. Lilenfeld
Georgia Bar No. 452399
Robin L. Gentry
Georgia Bar No. 289899
Kennington R. Groff
Georgia Bar No. 782901

3379 Peachtree Road NE, Suite 980
Atlanta, Georgia 30326
Telephone: (404) 201-2520
Facsimile: (404) 393-9710
david@lilenfeld.com
robin@lilenfeld.com
kg@lilenfeld.com

*Attorneys for Plaintiff Spinrilla, LLC*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

I certify that the foregoing document is written in 14-point Times New Roman font in accordance with Local Rule 5.1.

*/s/David M. Lilenfeld*
David M. Lilenfeld

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SPINRILLA, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Action File No.: |
| ) | |
| v. ) | 1:20-CV-0492-AT |
| ) | |
| RECORDING INDUSTRY ) | |
| ASSOCIATION OF ) | |
| AMERICA, INC., ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2020, the foregoing SPINRILLA, LLC'S RULE 56(d) MOTION was filed electronically with the Court using the CM/ECF system, which action will cause automatic electronic notification of the filing from the Court to be served upon the following:

*Andrew H. Bart*  *Olivia G. Hoffman*  *James A. Lamberth*
*abart@jenner.com*  *ohoffman@jenner.com*  *James.lamberth@troutman.com*


Dated: May 1, 2020

*/s/ David M. Lilenfeld*
David M. Lilenfeld

15