# Exhibit 1

RE: The RIAA and Spinrilla

## Ken Doroshow <kdoroshow@riaa.com>

Thu 9/26/2019 11:18 AM

**To:** David M. Lilenfeld <david@lilenfeld.com>
**Cc:** Bart, Andrew H. <ABart@jenner.com>; Warren, Previn <PWarren@jenner.com>; Jared Freedman <jfreedman@riaa.com>; Robin Gentry <robin@lilenfeld.com>

David,

The RIAA is not requesting removal of content from Spinrilla based only on text searches. In each of the takedown notices that we've sent to Spinrilla in recent months, the infringements were confirmed by human ears before the notices were sent. The premise of your request is therefore erroneous.

As for the one URL that you have identified in which the actual audio file allegedly did not match the "metadata," the actual file to which the URL in the notice pointed was Nav's "Myself," whereas the text was for Nav's "Wanted You." Nav is a UMG artist (he records for Republic) and "Myself" is a UMG-owned track. Accordingly, the takedown notice for that track was entirely appropriate. I had asked you to identify all instances where you allege that the actual audio file that was the subject of a takedown notice was not an infringing copy of one of our members' sound recordings. As you have identified only this one instance—and because the actual file was indeed infringing—I trust that there is no issue here and that your client was simply confused on this point.

As for your claim that RIAA is engaged in "automated crawling/mining" of Spinrilla.com, you are again mistaken. RIAA has not performed any automated crawling of Spinrilla for years, and the process of finding the more recent infringements has been a manual one. Even so, I recall your telling the court that Spinrilla should not be required to produce its database because the Plaintiffs were able to crawl Spinrilla on an automated basis. So, even though we are not currently engaged in such crawling, what has changed since your representation to the court in 2017 to suggest that automated crawling would be a problem now?

Ken

**From:** David M. Lilenfeld <david@lilenfeld.com>
**Sent:** Tuesday, September 24, 2019 3:36 PM
**To:** Ken Doroshow <kdoroshow@riaa.com>
**Cc:** Bart, Andrew H. <ABart@jenner.com>; Warren, Previn <PWarren@jenner.com>; Jared Freedman <jfreedman@riaa.com>; Robin Gentry <robin@lilenfeld.com>
**Subject:** The RIAA and Spinrilla

Ken,

Two issues:

1. You asked for an example of a URL in a recent RIAA takedown notice in which the actual audio file on Spinrilla does not match the metadata (i.e., artist or title). Here is one example: https://spinrilla.com/songs/906598-kvng-zuzi-nav-myself. This URL was included in RIAA's August 29, 2019 takedown notice (Ref: X20-245481567092773) but the audio file does not match the metadata in the URL.

Please confirm that all the RIAA will not request removal of content from Spinrilla based only on text searches.

2. The RIAA's automated crawling/mining of Spinrilla.com is problematic, violates the Spinrilla T&Cs and needs to stop. However, Spinrilla is not trying to block the RIAA's access to Spinrilla.com; as it has been from the start, Spinrilla is happy to continue to cooperate and collaborate with the RIAA and with Plaintiffs. To that end, while Spinrilla is willing to provide the RIAA with a data feed to replace the RIAA's automated crawling/mining. Assuming this is acceptable to the RIAA, let me know and we can connect the technology people to discuss details.

I will wait to hear back from you.

David

/

**From:** Ken Doroshow <kdoroshow@riaa.com>
**Sent:** Monday, September 9, 2019 1:53 PM
**To:** David M. Lilenfeld <david@lilenfeld.com>
**Cc:** Bart, Andrew H. <ABart@jenner.com>; Warren, Previn <PWarren@jenner.com>; Jared Freedman <jfreedman@riaa.com>; Robin Gentry <robin@lilenfeld.com>
**Subject:** RE: Unauthorized Sound Recordings (REF: X41-245481567390974)

David,

Can you please identify those instances where, as you allege, the actual audio file was not an infringing copy of one of our members' sound recordings?  Our investigators proceed on a good faith basis for believing that any file in a takedown notice is an infringing file, so it would be helpful to understand the basis for your allegation.

Thank you.

Ken

**From:** David M. Lilenfeld <david@lilenfeld.com>
**Sent:** Friday, September 6, 2019 3:01 PM
**To:** Ken Doroshow <kdoroshow@riaa.com>
**Cc:** Bart, Andrew H. <ABart@jenner.com>; Warren, Previn <PWarren@jenner.com>; Jared Freedman <jfreedman@riaa.com>; Robin Gentry <robin@lilenfeld.com>
**Subject:** Re: Unauthorized Sound Recordings (REF: X41-245481567390974)

Ken,

I have received copies of three additional Takedown Notices (REF: X20-245481567695609, REF: X20-245481567783111 and REF: X20-245481567784572). I don't mind, but why is the RIAA now copying me on the Notices?

Also, in some instances the RIAA is including in the Notices audio files based on text searches only, because the actual audio file does not match the artist/name of the sound recording listed in the Takedown Notice. For this takedown system to work effectively\efficiently, the RIAA should first confirm that the audio file it is targeting (i.e., including in the Notice) is actually a copy of one of Plaintiffs' sound recordings. Please confirm that will be the RIAA's practice moving forward.

With respect to the rest of the audio files, it doesn't appear that the acoustic fingerprints for the corresponding sound recordings are registered with Audible Magic since Audible Magic is not blocking the audio files. Alternatively, If Plaintiffs have registered the fingerprints for these sound recordings, why isn't one of the four Audible Magic services Spinrilla is using blocking the audio files?

David