UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SPINRILLA, LLC,

     Plaintiff,

     v.

RECORDING INDUSTRY
ASSOCIATION OF AMERICA, INC.,

     Defendant.

Civil Action No.
1:20-CV-00492-AT

**CONSOLIDATED REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT; AND OPPOSITION TO PLAINTIFF'S RULE 56(D) MOTION**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. ii

I.      Introduction ...................................................................1

II.     Spinrilla's Complaint Should Be Dismissed. ................................3

        A.      Spinrilla's failure to allege that it removed the Audio File
                mandates dismissal. ...............................................3

        B.      Spinrilla fails to allege knowledge. ...............................6

        C.      Spinrilla's contention that its claim involves other works is
                legally insufficient. ...............................................7

III.    RIAA Is Entitled To Summary Judgment. ...................................9

        A.      Spinrilla's proffered evidence is irrelevant and does not create a
                disputed issue of material fact. ...................................9

        B.      Ms. Crippen's Declaration is sufficient to establish RIAA's
                good faith. ......................................................12

        C.      The discovery Spinrilla seeks is unnecessary and outside the
                scope of this lawsuit. .............................................13

IV.     Conclusion ..................................................................15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

C<small>ASES</small>

*Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*,
   790 F. Supp. 2d 1024 (N.D. Cal. 2011)............................................................4, 5

*Angell v. Allergan Sales, LLC*,
   No. 3:18-CV-282-J-34, 2019 WL 3958262 (M.D. Fla. Aug. 22, 2019) .............6

*Atlantic Recording Corp., et al. v. Spinrilla LLC and Jeffery Dylan Copeland*,
   No. 1:17-cv-00431 (N.D. Ga., filed Feb. 3, 2017) ...............................................3

*Badaracco v. Commissioner*,
   464 U.S. 386 (1984)............................................................................................4

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)............................................................................................8

*Biosafe-One, Inc. v. Hawks*,
   524 F. Supp. 2d 452 (S.D.N.Y. 2007) ................................................................5

*Cabell v. Zimmerman*,
   No. 09 CIV. 10134, 2010 WL 996007 (S.D.N.Y. Mar. 12, 2010)......................7

*Capitol Records, Inc. v. MP3tunes, LLC*,
   611 F. Supp. 2d 342 (S.D.N.Y. 2009) ................................................................7

*City of Miami Gardens v. Wells Fargo & Co.*,
   931 F.3d 1274 (11th Cir. 2019) ........................................................................14

*DannaMarie Provost v. Hall*,
   757 F. App'x 871 (11th Cir. 2018) ....................................................................14

*Dudnikov v. MGA Entertainment Inc.*,
   410 F. Supp. 2d 1010 (D. Colo. 2005)...............................................................12

*Harris v. Garner*,
   216 F.3d 970 (11th Cir. 2000) (en banc) ............................................................4

ii

*Opinion Corp. v. Roca Labs, Inc.*,
   No. 8:15-CV-811-17, 2016 WL 6824383 (M.D. Fla. Nov. 17, 2016) ................4

*Oullette v. Viacom International, Inc.*,
   No. 9:10-cv-00133, 2012 WL 1435703 (D. Mont. Apr. 25, 2012),
   *aff'd*, 671 F. App'x 972 (9th Cir. 2016) ............................................................11

*United States ex rel. Phalp v. Lincare Holdings, Inc.*,
   857 F.3d 1148 (11th Cir. 2017) .........................................................................15

*Warner Records et al. v. Charter Communication, Inc.*,
   No. 19-cv-00874 (D. Colo. Apr. 8, 2020), ECF No. 156 ...................................11

*Youngblood-W. v. Aflac Inc.*,
   796 F. App'x 985 (11th Cir. 2019) ....................................................................13

## STATUTES

17 U.S.C. § 512(f) ..............................................................................................passim

## OTHER AUTHORITIES

Fed. R. Civ. P. 56(d) .........................................................................................passim

Defendant Recording Industry Association of America, Inc. ("RIAA"), by and through its undersigned counsel, respectfully submits this consolidated memorandum of law in further support of its motion to dismiss the Complaint filed by Plaintiff Spinrilla, LLC ("Spinrilla") or, in the alternative, for summary judgment; and in opposition to Spinrilla's Rule 56(d) motion.

## I.     Introduction

RIAA's motion to dismiss is based on the unambiguous text of Section 512(f), which requires a plaintiff seeking to recover damages under that section to allege that it removed or disabled access to the allegedly non-infringing material.  Spinrilla offers no contrary interpretation of this statute—and none exists.  Because Spinrilla has undeniably failed to allege that it actually removed or disabled access to the single audio file identified in the Complaint (the "Audio File") upon receiving a takedown notice from RIAA, it fails to adequately plead a claim under Section 512(f).  For this straightforward reason, the Complaint should be dismissed.

Apparently recognizing this fatal flaw with the single Audio File identified in the Complaint, Spinrilla now argues that its Complaint should be read broadly to raise claims about multiple audio files.  But the Complaint fails to identify any other allegedly non-infringing material besides the Audio File and is plainly insufficient to put RIAA on notice with respect to any other files.  The law is clear that Spinrilla

1

cannot properly plead a claim that RIAA knowingly misrepresented "material or activity . . . to be infringing" without identifying that material or activity. 17 U.S.C. § 512(f). Accordingly, the Court should dismiss the Complaint in its entirety.

If the Court nonetheless considers RIAA's motion in the alternative for summary judgment, Spinrilla's opposition to it fares no better. Indeed, Spinrilla has failed to introduce any evidence that raises a genuine dispute of material fact as to whether RIAA knowingly and materially misrepresented that the Audio File was infringing. While Spinrilla argues that the Audio File itself raises such a genuine dispute, it is undisputed that the Audio File contains portions of an RIAA member's copyrighted recordings and that those portions were included without the RIAA's member's consent or authorization.

Having nothing that casts doubt on the bona fides of the takedown notice at issue, Spinrilla cites extraneous materials, including allegations and claims made in other cases that involved different parties, different takedown notices, and different allegedly infringing material. But that "evidence" is entirely inapposite and does not raise any triable issues of fact concerning the Audio File.

Finally, Spinrilla claims that it needs extensive discovery before the Court may rule on RIAA's motion. But any fair review of Spinrilla's proposed discovery requests shows that Spinrilla is not truly interested in exploring the good faith behind

the takedown notice at issue, but rather seeks to conduct a massive, burdensome and irrelevant audit of RIAA's enforcement strategy.   Indeed, Spinrilla's opposition papers merely underscore that this entire new proceeding is a baseless and disingenuous attempt by Spinrilla to distract the Court from the overwhelming evidence of Spinrilla's large-scale copyright infringement that is before the Court on the pending motions for summary judgment in the related proceeding.[1]

Accordingly, RIAA's motion to dismiss should be granted, or, in the alternative, it is entitled to summary judgment, and Spinrilla's Rule 56(d) motion should be dismissed.

## II.   Spinrilla's Complaint Should Be Dismissed.

### A.   Spinrilla's failure to allege that it removed the Audio File mandates dismissal.

It is undisputed that Spinrilla did not allege that it removed the Audio File from its platform in response to RIAA's takedown notice.  It is also undisputed that the plain terms of the statute and the case law addressing this issue require such a removal in order to state a cause of action under Section 512(f).  Without such an allegation, Spinrilla cannot satisfy the statutory requirement that it relied on RIAA's takedown notice "in removing or disabling access to" the Audio File.  17 U.S.C.

---

[1] *See Atlantic Recording Corp., et al. v. Spinrilla LLC and Jeffery Dylan Copeland*, No. 1:17-cv-00431 (N.D. Ga., filed Feb. 3, 2017).

§ 512(f); *see Opinion Corp. v. Roca Labs, Inc.*, No. 8:15-CV-811-17, 2016 WL 6824383, at *3 (M.D. Fla. Nov. 17, 2016).  Spinrilla cannot avoid the plain language of the statute and has no answer to the cases cited by RIAA, all of which reach the same conclusion.  *See* Br. in Supp. of Def.'s Mot. to Dismiss or, in the Alternative, for Summ. J. ("Def.'s Motion"), Dkt. 13-1 at 11-12.  Indeed, Spinrilla is unable to point to a single case in which a court allowed a claim under Section 512(f) to proceed in the absence of an allegation that the claimant removed or disabled access to the content at issue.

Unable to satisfy the unambiguous statutory requirement, Spinrilla effectively asks this Court to rewrite the statutory language to arrive at a rule that Spinrilla self-servingly views as providing a better policy outcome for service providers like itself. Pl.'s Opp'n to Def.'s Motion ("Pl.'s Opp'n"), Dkt. 23 at 10-11.  However, "the role of the judicial branch is to apply statutory language, not to rewrite it."  *Harris v. Garner*, 216 F.3d 970, 976 (11th Cir. 2000) (en banc).  Indeed, the Supreme Court has made clear that "[c]ourts are not authorized to rewrite a statute because they might deem its effects susceptible of improvement."  *Badaracco v. Comm'r*, 464 U.S. 386, 398 (1984).

Notably, another district court has already rejected the identical policy argument that Spinrilla advances here on this very basis.  In *Amaretto Ranch*

4

*Breedables, LLC v. Ozimals, Inc.*, the plaintiff argued that "applying section 512 as written" and excluding claims where no takedown occurred "is inconsistent with the legislative purpose" of deterring knowingly false takedown notices.  790 F. Supp. 2d 1024, 1029 (N.D. Cal. 2011); *see* Pl.'s Opp'n at 10-11. The court rejected this argument, holding that "the statute is unambiguous" and only entitles an alleged infringer to damages "caused as the result of the service provider . . . removing or disabling access to the material."  790 F. Supp. 2d at 1029 (omission in original) (internal quotation marks omitted).   While Spinrilla self-servingly argues that Congress would never have passed a law that would have allowed for this outcome, *see* Pl.'s Opp'n at 11, the court in *Amaretto Ranch* held otherwise and refused to read the removal requirement "out of the statute."  790 F. Supp. 2d at 1029.  As in *Amaretto Ranch*, this Court should apply the statute's plain mandate and dismiss Spinrilla's claim.[2]

---

[2] Spinrilla's argument that even if the statute is applied as written, Spinrilla is entitled to injunctive relief under Section 512(f) "to prevent future false takedowns" also fails.  Pl.'s Opp'n at 11.  As Spinrilla acknowledges, the statute provides that a defendant "shall be liable *for any damages*," 17 U.S.C. § 512(f) (emphasis added) and does not provide for injunctive relief.  *See Biosafe-One, Inc. v. Hawks*, 524 F. Supp. 2d 452, 469 (S.D.N.Y. 2007) (denying motion for preliminary injunction under Section 512(f) since, *inter alia*, "the statutory language specifically provides for the remedy of damages and makes no mention of injunctive relief").

**B.      Spinrilla fails to allege knowledge.**

Further, Spinrilla has failed to adequately allege that RIAA had actual knowledge that the Audio File was not infringing.  *See* Def.'s Motion at 9-10. Instead, it merely asserts that RIAA "did not have a good faith belief that each audio file contained in the Notices infringed any of Defendant's members['] copyrights." Pl.'s Opp'n at 8.  Such a statement is nothing more than a boilerplate recitation of an element of the legal claim, which is plainly insufficient to establish that RIAA actually knew that the Audio File was not infringing and included it in a takedown notice anyway.

While Spinrilla argues that knowledge "may be alleged generally," Pl.'s Opp'n at 9 (quoting Fed. R. Civ. P. 9(b)), a plaintiff "still must accompany that general allegation with allegations of specific facts that give rise to a [reasonable] inference of actual knowledge."  *Angell v. Allergan Sales, LLC*, No. 3:18-CV-282-J-34, 2019 WL 3958262, at *10 (M.D. Fla. Aug. 22, 2019) (alteration in original). Spinrilla does not allege any such "specific facts."  Its allegation that RIAA is "well aware" that its technology produces "false positives," Pl.'s Opp'n at 9, is both impermissibly general and nothing more than speculation.  Nor is this general allegation supported by Spinrilla's reference to a September 2019 email exchange between Spinrilla and RIAA, which contained no discussion of the Audio File and

6

in which Spinrilla failed to identify a single so-called "false positive." *See id.* Spinrilla has not put forth any allegations that would establish that RIAA had "*actual knowledge* that it [was] making a misrepresentation of fact." *Cabell v. Zimmerman*, No. 09 CIV. 10134, 2010 WL 996007, at *4 (S.D.N.Y. Mar. 12, 2010). Accordingly, Spinrilla has failed to plead that RIAA made a knowing misrepresentation, as required to state a claim under Section 512(f).

## C.    Spinrilla's contention that its claim involves other works is legally insufficient.

Recognizing that its claim relating to the Audio File is legally deficient, Spinrilla argues that this lawsuit actually involves multiple unidentified audio files and that the Audio File was offered merely as "one example." Pl.'s Opp'n at 6-8. This after-the-fact attempt to save the Complaint does not withstand scrutiny. The dispositive and indisputable fact is that the Complaint did not put RIAA on notice as to *any* other files that are purportedly at issue in this case. *See Capitol Records, Inc. v. MP3tunes, LLC*, 611 F. Supp. 2d 342, 345-46 (S.D.N.Y. 2009) (a claim under Section 512(f) must "identif[y]" tracks as "definitely lawful, non-infringing, and wrongfully included" in a takedown notice; conclusory allegations that certain works "are merely examples of works that are not infringing" are insufficient (internal quotation marks omitted)). There is good reason for the requirement that a plaintiff specifically identify the material it believes to be non-infringing; absent such basic

information about which works a defendant is alleged to have materially misrepresented as infringing, the defendant would be wholly unable to admit, deny, or otherwise respond to a complaint's allegations.[3]

Spinrilla suggests that its use of the plural terms "notices" and "audio files" when describing RIAA's notice and takedown process is somehow sufficient to satisfy the pleading requirement.  Pl.'s Opp'n at 7-8.  But the mere use of plural terms does not provide RIAA with the information necessary to constitute "fair notice" of the basis of Spinrilla's claim.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Spinrilla does not point to a single case in which a plaintiff stated a cause of action under Section 512(f) without actually identifying the supposedly non-infringing content that gave rise to its claim.  Because Spinrilla was required to identify the "material or activity" that it claims RIAA materially misrepresented, 17 U.S.C. § 512(f)(1), its assertion that the complaint addresses additional unnamed works beyond the Audio File fails as a matter of law.[4]

---

[3] Spinrilla's filing of a Form AO 121 (Dkt. 30) does not constitute an amendment to the pleadings, which indisputably identify only one work at issue.  Accordingly, Spinrilla's identification of two additional files in that document is immaterial.

[4] Moreover, because the Complaint fails to identify any additional files, it also necessarily fails to allege each of the other required elements of a claim under

III.    **RIAA Is Entitled To Summary Judgment.**

In the event that the Court does not grant RIAA's motion to dismiss Spinrilla's Complaint, it should enter summary judgment for RIAA because Spinrilla fails to raise a triable issue of fact in its opposition brief, Rule 56(d) motion, or any of its accompanying papers.  For the same reason, Spinrilla's motion to defer ruling on RIAA's motion for summary judgment should be denied.

A.    **Spinrilla's proffered evidence is irrelevant and does not create a disputed issue of material fact.**

Spinrilla's papers, though voluminous, do not raise a genuine dispute of material fact as to the sole issue properly before the Court: whether RIAA knowingly materially misrepresented that the Audio File was infringing.  Indeed, none of the "evidence" Spinrilla presents addresses, let alone casts doubt on, RIAA's subjective good faith belief that the Audio File was infringing.

While Spinrilla claims to dispute whether RIAA's Vice President of Operations, Content Protection, listened to the Audio File and determined that it infringed RIAA's copyrights, it fails to point to any evidence to support that

---

Section 512(f).  In particular, Spinrilla has not alleged that any other specific files included in RIAA's takedown notices are non-infringing, that RIAA had actual knowledge that they are non-infringing, or that Spinrilla "remov[ed] or disabl[ed] access to" such files in reliance on a takedown notice from RIAA.  17 U.S.C. § 512(f).  Accordingly, Spinrilla's claim as to any unnamed files fails for this additional reason.

contention apart from the Audio File itself.  Moreover, Spinrilla cannot dispute that the Audio File contains portions of two separate copyrighted sound recordings from the album "TWENTY88" by the hip hop duo TWENTY88.  Pl.'s Response to Def.'s Statement of Undisputed Material Facts ("Pl.'s SUF Response"), Dkt. 23-1 ¶ 10. Likewise, it cannot deny that the Audio File appears on a mixtape whose track list and album art closely mirror that of a copyrighted album exclusively distributed by UMG Recordings, Inc. ("UMG") label Def Jam Recordings.  *Id.* ¶¶ 7, 9.

Unable to present a single piece of evidence that controverts the fact that RIAA acted in good faith when it included the Audio File in a takedown notice, Spinrilla references a host of extraneous "evidence" in a patent attempt to deflect attention from the only real issue—whether RIAA had a good faith basis for including the Audio File in a takedown notice—to a separate, distinct, and irrelevant inquiry—the overall structure and operations of RIAA's content protection procedures more generally.

Spinrilla does not even attempt to connect this proffered "evidence" to the Audio File at issue.  Indeed, the fact that there were allegations—pleaded largely on information and belief—against certain RIAA members in an entirely separate case involving different parties, different claims, and different sound recordings has

absolutely no bearing on this case.  Pl.'s Opp'n at 21; Pl.'s Ex. M ¶¶ 115-20.[5]

Spinrilla's citation to the *Hotfile* case also does nothing to establish *RIAA's* liability

to *Spinrilla*.  Pl.'s Opp'n at 21-22; Pl.'s Ex. K.  Neither RIAA nor Spinrilla was a

party to the *Hotfile* case, which, needless to say, did not involve the Audio File or

the takedown notice containing that Audio File.  *See* Pl.'s Ex. K.  In fact, *Hotfile* did

not involve audio files at all, and no RIAA member or other music company was a

party to it.  As the court held in *Oullette v. Viacom International, Inc.*, a plaintiff

"cannot satisfy his burden under the Digital Millennium Copyright Act by alleging

that [the defendant] has acted improperly in the past to others."  No. 9:10-cv-00133,

2012 WL 1435703, at *4 (D. Mont. Apr. 25, 2012), *aff'd*, 671 F. App'x 972 (9th Cir.

2016).  Here, Spinrilla is alleging even less, given that RIAA was not a party to the

other cases and filings upon which it relies.

Likewise, Spinrilla's citation to a September 2019 email exchange between

Spinrilla and RIAA is entirely irrelevant and does not support Spinrilla's position.

Pl.'s Opp'n at 21; Pl.'s Ex. G.  That email exchange has nothing to do with the Audio

File and does not identify *any* audio files that RIAA had improperly included in

---

[5] The counterclaim defendants in *Charter* have requested permission to file a motion
to dismiss the claim asserted against them under Section 512(f).  Letter re Mot. to
Dismiss Def.'s Counterclaims, *Warner Records et al. v. Charter Communication,
Inc.*, No. 19-cv-00874 (D. Colo. Apr. 8, 2020), ECF No. 156.

takedown notices.  *See* Pl.'s Ex. G.  Indeed, as RIAA's September 26, 2019 response to Spinrilla makes clear, the one supposed example Spinrilla provided was, in fact, an infringing copy of an RIAA member's sound recording.  *Id.*

### B.  Ms. Crippen's Declaration is sufficient to establish RIAA's good faith.

Ms. Crippen's declaration definitively establishes that she listened to the Audio File and determined that it was infringing.  Decl. of Traci Crippen ("Crippen Decl."), Dkt. 13-2 ¶ 12.  The sufficiency of that assertion is underscored by the very case Spinrilla relies on:  *Dudnikov v. MGA Entertainment Inc.*, where the court rejected the plaintiffs' claim under Section 512(f) because the defendant had "asserted that it had a good faith belief that the [material at issue] was an infringement" and the plaintiffs had failed to show otherwise.  410 F. Supp. 2d 1010, 1013 (D. Colo. 2005). [6]

---

[6] *Dudnikov* also debunks Spinrilla's argument that summary judgment should be denied due to an alleged "motive" on the part of RIAA "to overclaim infringement," as evidenced by its having allegedly "overclaimed infringement" in other cases. Pl.'s Opp'n at 17, 22.  In *Dudnikov*, the plaintiffs argued that the defendant was "acting out of an improper desire to control secondary markets" and pointed to the defendant's "failure to actively police" certain sites.  410 F. Supp. 2d at 1013.  The court held that "this evidence ha[d] no bearing on the notice and takedown requirements under the DMCA" and that the defendant's "actions toward other" entities was "irrelevant to a determination of good faith belief" that the plaintiffs were "infringing on [the defendant's] rights."  *Id.*

Spinrilla claims that even if Ms. Crippen listened to the Audio File, she could not possibly have concluded in good faith that it was infringing since much of the file is blank.  Pl.'s Opp'n at 20.  However, it is undisputed that the beginning and ending sections of the Audio File contain portions of copyrighted sound recordings. Pl.'s SUF Response ¶ 10.  Since the Audio File in fact contained copyrighted material, Spinrilla's general and self-serving statement that no one could conclude in good faith that it was infringing is insufficient to rebut RIAA's good faith belief.

## C.    The discovery Spinrilla seeks is unnecessary and outside the scope of this lawsuit.

As set forth above and in its opening papers, RIAA is entitled to judgment as a matter of law on Spinrilla's claim against it under Section 512(f), and Spinrilla has failed to raise a triable issue of material fact or demonstrate that additional discovery would raise such an issue.  Accordingly, Spinrilla's request to defer ruling on RIAA's Motion until after discovery should be denied.  Pl.'s Opp'n at 23-25; Spinrilla, LLC's Rule 56(d) Motion ("Pl.'s Motion"), Dkt. 24.

This Circuit has held that a court may enter summary judgment so long as it has "all facts necessary to respond to [the movant's] dispositive motion." *Youngblood-W. v. Aflac Inc.*, 796 F. App'x 985, 993 (11th Cir. 2019) (affirming denial of Rule 56(d) motion).  To invoke Rule 56(d), a party opposing summary judgment "must specifically demonstrate how postponement of a ruling on the

13

motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *City of Miami Gardens v. Wells Fargo & Co.*, 931 F.3d 1274, 1287 (11th Cir. 2019) (internal quotation marks omitted). Where the discovery that the non-movant seeks is "irrelevant to the dispositive issue," a court may deny its request for discovery and enter judgment as a matter of law. *DannaMarie Provost v. Hall*, 757 F. App'x 871, 875 (11th Cir. 2018).

The discovery requests that make up the bulk of Spinrilla's motion to defer ruling are not only irrelevant to RIAA's summary judgment motion, but they reveal Spinrilla's true aim of deflecting attention from their massive ongoing infringements by undertaking a broad and entirely unwarranted audit of RIAA's global enforcement strategies.  Spinrilla's Rule 56(d) motion contemplates a fishing expedition that is not limited to the Audio File identified in the Complaint, or even to RIAA's conduct with respect to Spinrilla.

Indeed, Spinrilla argues that before this Court rules on RIAA's motion for summary judgment, Spinrilla should be entitled to conduct discovery into, among other things, RIAA's "general policies regarding the identification of allegedly infringing songs" and procedures for monitoring online piracy, any notifications RIAA or its members have received from other alleged infringers about takedown notices, RIAA's "knowledge of material misrepresentations in takedown notices

14

sent to third parties," and RIAA's "motivation to send-over-inclusive takedown notices." Pl.'s Motion at 8, 10-12. These issues have no bearing on whether RIAA knowingly materially misrepresented that the Audio File was infringing, and thus they are completely irrelevant to whether RIAA may be held liable to Spinrilla for violating Section 512(f).

Spinrilla is not entitled to conduct broad discovery into RIAA's procedures on the basis of a facially deficient allegation that RIAA included a single non-infringing file in a takedown notice. Because "there is no indication that the information sought would have . . . any bearing on the outcome" of RIAA's summary judgment motion, Spinrilla's request to defer ruling should be denied. *United States ex rel. Phalp v. Lincare Holdings, Inc.*, 857 F.3d 1148, 1157 (11th Cir. 2017).

## IV.   Conclusion

For the foregoing reasons, RIAA's motion to dismiss or, in the alternative, for summary judgment, should be granted, and Spinrilla's motion to defer ruling under Rule 56(d) should be denied.

This 15th day of May, 2020.          Respectfully submitted,

                                     /s/ Andrew H. Bart

JENNER & BLOCK LLP                   TROUTMAN SANDERS LLP

ANDREW H. BART                       JAMES A. LAMBERTH
(Admitted *Pro Hac Vice*)            Georgia Bar No. 431851
OLIVIA G. HOFFMAN                    600 Peachtree Street, N.E.
(Admitted *Pro Hac Vice*)            Suite 3000, Bank of America Plaza
919 Third Avenue                     Atlanta, GA 30308-2216
New York, NY 10022                   Telephone: (404) 885-3362
Telephone: (212) 891-1600            Facsimile: (404) 962-6611
Facsimile: (212) 891-1699            james.lamberth@troutman.com
abart@jenner.com
ohoffman@jenner.com

## CERTIFICATE OF COUNSEL REGARDING FONT SIZE

I, Andrew H. Bart, an attorney, hereby certify that the foregoing has been prepared with a font size and point selection (Times New Roman, 14 pt.) which is approved by the Court pursuant to Local Rules 5.1(C) and 7.1(D).

/s/ Andrew H. Bart

## CERTIFICATE OF SERVICE

I, Andrew H. Bart, an attorney, hereby certify that on this 15th day of May, 2020, Defendant's Consolidated Reply in Support of Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment; and Opposition to Plaintiff's Rule 56(d) Motion was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send an electronic notification and a service copy of this filing to all counsel of record who have appeared in this matter.

/s/ Andrew H. Bart