UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SPINRILLA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> RECORDING INDUSTRY ASSOCIATION OF AMERICA, INC., <br><br> Defendant. | Civil Action No. <br> 1:20-CV-00492-AT |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF
ADDITIONAL MATERIAL FACTS**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1(B)(3), Defendant Recording Industry Association of America, Inc. ("RIAA") respectfully submits this Response to Plaintiff's Statement of Additional Material Facts ("SAMF") in Support of Summary Judgment Against Plaintiff (Dkt. 23-1). These responses are filed in conjunction with Defendant's Reply in Support of Defendant's Motion for Summary Judgment (Dkt. 13).[1]

---

[1] Under Local Rule 56.1(2)(b), a response to a motion for summary judgment "shall include . . . . [a] statement of additional facts which the respondent contends are material and present a genuine issue for trial." Plaintiff has brazenly violated this rule by submitting 35 pieces of factual and legal argument despite the fact that it specifically concedes that "there is *no genuine issue* to be tried in support of

**<u>Defendant's Responses to Plaintiff's Statement of Additional Material Facts</u>**

**1.**

**Plaintiff's Statement No. 1:**

Spinrilla is a popular internet service provider for mixtape music. Spinrilla operates a website and mobile applications where independent, hip hop artists may upload content and users may download or stream that previously uploaded content (Declaration of Dylan Copeland at ¶ 2).

**Defendant's Response:**

RIAA objects to this assertion because Spinrilla's self-serving characterization of its platform and users has no bearing on whether the RIAA knowingly materially misrepresented that the audio file found at <https://spinrilla.com/songs/2480250-big-sean-and-jhene-aiko-twenty88-2-minute-warning-ft-detail-and-k-ci-jojo-chopped-and-screwed> (the "Audio File") was infringing. This assertion does not raise a genuine dispute of material fact.

---

Defendant's Motion to Dismiss Or, In The Alternative For Summary Judgment," Pl.'s SAMF at 1 (emphasis added), a statement with which RIAA agrees.  As demonstrated herein, Plaintiff's SAMF fails to raise any triable issues of fact.

**2.**

**Plaintiff's Statement No. 2:**

Spinrilla provides an audio distribution system for the purpose of providing a platform for the individual, emerging artist and college-aged students who make music or record songs to distribute it and share with their friends. (Declaration of Dylan Copeland at ¶ 3).

**Defendant's Response:**

RIAA objects to this assertion because Spinrilla's self-serving description of the purpose for which Spinrilla was purportedly developed has no bearing on whether RIAA knowingly materially misrepresented that the Audio File was infringing. This assertion does not raise a genuine dispute of material fact.

**3.**

**Plaintiff's Statement No. 3:**

Spinrilla works to remove any copyrighted content on its platform, which includes complying with DMCA takedown notices (Declaration of Dylan Copeland at ¶ 4).

**Defendant's Response:**

RIAA objects to this assertion on the basis that Spinrilla's removal of copyrighted content in general has no bearing on whether RIAA knowingly

materially misrepresented that the Audio File was infringing. Further, this self-serving general assertion is immaterial because Spinrilla does not dispute the fact that Spinrilla failed to allege that it removed or disabled access to the Audio File in response to RIAA's takedown notice, as required by the DMCA, or raise any other genuine dispute of material fact.

**4.**

**Plaintiff's Statement No. 4:**

Spinrilla has a number of anti-infringement measures in place. (Declaration of Dylan Copeland at ¶ 5).

**Defendant's Response:**

RIAA objects to this assertion because the sufficiency of Spinrilla's anti-infringement measures are not at issue in this lawsuit. This assertion has no bearing on whether RIAA knowingly materially misrepresented that the Audio File was infringing and does not raise a genuine dispute of material fact.

**5.**

**Plaintiff's Statement No. 5:**

To hold a Spinrilla account, users must agree to Spinrilla's Terms of Service, which grant Spinrilla the right to terminate a user's account with or without prior notice. (Declaration of Dylan Copeland at ¶ 6).

**Defendant's Response:**

RIAA objects to this assertion because neither Spinrilla's Terms of Service nor its repeat infringer policy are at issue in this lawsuit.  This assertion has no bearing on whether RIAA knowingly materially misrepresented that the Audio File was infringing and does not raise a genuine dispute of material fact.

**6.**

**Plaintiff's Statement No. 6:**

Spinrilla does not allow every user to upload content. Instead, Spinrilla requires users wising to upload music to undergo an application process. Spinrilla users are only able to upload content to Spinrilla after they undergo this vetting process and are granted uploading privileges. Spinrilla does not approve every application it receives and only a small fraction of its users have upload rights. (Declaration of Dylan Copeland at ¶ 7).

**Defendant's Response:**

RIAA objects to this assertion because Spinrilla's application process for new users is not at issue in this lawsuit.  This assertion has no bearing on whether RIAA knowingly materially misrepresented that the Audio File was infringing and does not raise a genuine dispute of material fact.

**7.**

**Plaintiff's Statement No. 7:**

Another of Spinrilla's anti-infringement measures is the implementation and use of Audible Magic, a leading content recognition service. (Declaration of Dylan Copeland at ¶ 8).

**Defendant's Response:**

RIAA objects to this assertion because Spinrilla's implementation and use of Audible Magic is not at issue in this lawsuit. This assertion has no bearing on whether RIAA knowingly materially misrepresented that the Audio File was infringing and does not raise a genuine dispute of material fact.

**8.**

**Plaintiff's Statement No. 8:**

When a user uploads an audio file to Spinrilla's server, Audible Magic automatically scans the file. If Audible Magic determines the audio file is infringing, then Audible Magic blocks the file and prevents its publication (i.e., the file is not made publicly available). If Audible Magic does not block the audible file, it is published and other Spinrilla users may access the file. (Declaration of Dylan Copeland at ¶ 9).

**Defendant's Response:**

RIAA objects to this assertion because Spinrilla's use of Audible Magic is not at issue in this lawsuit.  This assertion has no bearing on whether RIAA knowingly materially misrepresented that the Audio File was infringing and does not raise a genuine dispute of material fact.

**9.**

**Plaintiff's Statement No. 9:**

When a user with upload rights, uploads an audio file to Spinrilla, the user has complete control over the "metadata" associated with the file. The user, not Spinrilla, decides what to name the file and who is listed as the artist. Therefore, the file and/or artist name is not necessarily indicative of file content. (Declaration of Dylan Copeland at ¶ 10).

**Defendant's Response:**

RIAA objects to this assertion because user control over metadata on Spinrilla's platform is not at issue in this lawsuit.  This assertion has no bearing on whether RIAA knowingly materially misrepresented that the Audio File was infringing and does not controvert the fact that the "file content" in this case contained portions of two different copyrighted recordings.  Def.'s Statement of

Undisputed Material Facts in Supp. of Summ. J. Against Pl. ("Def.'s SUF"), Dkt.
13-2 ¶ 10.  This assertion does not raise a genuine dispute of material fact.

**10.**

**Plaintiff's Statement No. 10:**

Another anti-infringement measure implemented by Spinrilla is its repeat
infringer policy. (Declaration of Dylan Copeland at ¶ 11).

**Defendant's Response:**

RIAA objects to this assertion on the basis that Spinrilla's repeat infringer
policy is not at issue in this lawsuit and has no bearing on whether RIAA knowingly
materially misrepresented that the Audio File was infringing.  This assertion does
not raise a genuine dispute of material fact.

**11.**

**Plaintiff's Statement No. 11:**

Under Spinrilla's repeat infringer policy, each copyright infringement notice
against a user's account constitutes a 'strike.' After two strikes, the user's account is
terminated. (Declaration of Dylan Copeland at ¶ 12).

**Defendant's Response:**

RIAA objects to this assertion on the basis that Spinrilla's repeat infringer
policy is not at issue in this lawsuit and has no bearing on whether RIAA knowingly

materially misrepresented that the Audio File was infringing.  This assertion does not raise a genuine dispute of material fact.

## 12.

**Plaintiff's Statement No. 12:**

Spinrilla has a designated agent registered with the Copyright Office. (Declaration of Dylan Copeland at ¶ 13).

**Defendant's Response:**

RIAA objects to this assertion on the basis that Spinrilla's designation of an agent with the Copyright Office is not at issue in this lawsuit and has no bearing on whether RIAA knowingly materially misrepresented that the Audio File was infringing.  This assertion does not raise a genuine dispute of material fact.

## 13.

**Plaintiff's Statement No. 13:**

When Spinrilla receives a DMCA takedown notice from Defendant, Spinrilla reads the takedown notice, determines where in Spinrilla's system the allegedly infringing audio file resides, removes the content, updates a list of repeat infringers and applies Spinrilla's repeat infringer policy to that list. (Declaration of Dylan Copeland at ¶ 14).

**Defendant's Response:**

RIAA objects to this assertion on the basis that Spinrilla's self-serving description of its general practices with respect to DMCA takedown notices are not at issue in this lawsuit. This assertion has no bearing on whether RIAA knowingly materially misrepresented that the Audio File was infringing. Indeed, this assertion does not controvert the fact that Spinrilla failed to allege that it removed or disabled access to the Audio File in response to RIAA's takedown notice, nor raise any other genuine dispute of material fact.

### 14.

**Plaintiff's Statement No. 14:**

Spinrilla has terminated user's accounts as a result of the Notices. (Declaration of Dylan Copeland at ¶ 15).

**Defendant's Response:**

RIAA objects to this assertion on the basis that Spinrilla's self-serving description of its general practices with respect to the termination of users is not at issue in this lawsuit and has no bearing on whether RIAA knowingly materially misrepresented that the Audio File was infringing. Spinrilla has not alleged that it terminated any accounts in connection with RIAA's request that it remove the Audio File. This assertion does not raise a genuine dispute of material fact.

## 15.

**Plaintiff's Statement No. 15:**

Since August 2019, the RIAA has sent Spinrilla at least 27 takedown notices demanding that Spinrilla remove allegedly infringing audio files. (Declaration of Dylan Copeland at ¶ 16 and Exhibit A).

**Defendant's Response:**

RIAA objects to this assertion on the basis that the number of takedown notices sent to Spinrilla has no bearing on whether RIAA knowingly materially misrepresented that the Audio File was infringing.  If anything, this assertion underscores the frivolous nature of this lawsuit, which involves a single Audio File included in a single takedown notice to Spinrilla.  In any event, this assertion does not raise a genuine dispute of material fact.

## 16.

**Plaintiff's Statement No. 16:**

One of the audio files accused of infringement in the August 29, 2019 takedown notice sent by the RIAA was the audio file originally located at <https://spinrilla.com/songs/906598-kvng-zuzi-nav-myself>. (Declaration of Dylan Copeland at ¶ 17 and Exhibits B & C).

11

**Defendant's Response:**

RIAA objects to this assertion on the basis that Spinrilla failed to identify or make any allegations regarding this file in its Complaint.   RIAA's inclusion of this track in a takedown notice has no bearing on whether RIAA knowingly materially misrepresented that the Audio File at issue was infringing, and thus this assertion does not raise a genuine dispute of material fact.

**17.**

**Plaintiff's Statement No. 17:**

The audio file originally located at <https://spinrilla.com/songs/906598-kvng-zuzi-nav-myself> contained metadata that identified the contents as the sound recording *Myself* by Nav. The metadata associated with the audio file was input by the Spinrilla user who uploaded the audio file. The audio file did not contain a copy of *Myself* by Nav; but instead, is an instrumental recording. (Declaration of Dylan Copeland at ¶ 18 and Exhibit C).

**Defendant's Response:**

RIAA objects to this assertion on the basis that Spinrilla failed to identify or make any allegations regarding this file in its Complaint.   RIAA's inclusion of this file in a takedown notice has no bearing on whether RIAA knowingly materially

misrepresented that the Audio File at issue was infringing, and thus this assertion does not raise a genuine dispute of material fact.

### 18.

**Plaintiff's Statement No. 18:**

Spinrilla removed the audio file from Spinrilla's service so that users no longer have access to that file. (Declaration of Dylan Copeland at ¶ 19).

**Defendant's Response:**

RIAA objects to this assertion on the basis that Spinrilla failed to identify or make any allegations regarding this file in its Complaint.   Whether or not Spinrilla removed this file has no bearing on whether RIAA knowingly materially misrepresented that the Audio File at issue was infringing, and thus this assertion does not raise a genuine dispute of material fact.

### 19.

**Plaintiff's Statement No. 19:**

One of the audio files accused of infringement in the January 16, 2020 takedown notice sent by the RIAA was the audio file originally located <https://spinrilla.com/songs/2480250-big-sean-and-jhene-aiko-twenty88-2-minute-warning-ft-detailand-k-ci-jojo-chopped-and-screwed  jhene aiko - 2  minute warning>. (Declaration of Dylan Copeland at ¶ 20 and Exhibits D & E).

**Defendant's Response:**

This assertion is improper insofar as it simply repeats a fact stated in RIAA's SUF, Def.'s SUF ¶ 12, and does not present an "additional fact[] which the respondent contends [is] material." Local Rule 56.1(2)(b). In any event, this assertion does not raise a genuine dispute of material fact.

**20.**

**Plaintiff's Statement No. 20:**

The metadata associated with the audio file was input by the Spinrilla user who uploaded the audio file. That metadata identifies the track as the sound recording *2 Minute Warning* by Big Sean and Jhene Aiko and included the words "chopped and screwed." (Declaration of Dylan Copeland at ¶ 21).

**Defendant's Response:**

This assertion is improper to the extent it simply repeats facts stated in RIAA's SUF, Def.'s SUF ¶¶ 5, 7, and does not present an "additional fact[] which the respondent contends [is] material." Local Rule 56.1(2)(b). The non-duplicative portions of this assertion are not material, and, in any event, the assertion does not raise a genuine dispute of material fact.

## 21.

**Plaintiff's Statement No. 21:**

The sound recording located at < https://spinrilla.com/songs/2480250-big-sean-and-jhene-aiko-twenty88-2-minute-warning-ft-detailand-k-ci-jojo-chopped-and-screwed jhene aiko - 2 minute warning > is over 7 minutes long and contains mostly blank audio. (Declaration of Dylan Copeland at ¶ 22 and Exhibit E).

**Defendant's Response:**

Spinrilla objects to this assertion on the basis that it does not raise a genuine dispute of material fact. This assertion does not controvert the fact that the Audio File contained portions of two copyrighted sound recordings by the artist TWENTY88. Def.'s SUF ¶ 10.

## 22.

**Plaintiff's Statement No. 22:**

The January 16, 2020 takedown notice sent by the RIAA also accused a sound recording located at <https://spinrilla.com/songs/2424582-jhene-aiko-the-vapors-ft-vince-staples> of infringement. (Declaration of Dylan Copeland at ¶ 23 and Exhibits D & F).

**Defendant's Response:**

RIAA objects to this assertion on the basis that Spinrilla failed to identify or make any allegations regarding this file in its Complaint.   The inclusion of this file in a takedown notice has no bearing on whether RIAA knowingly materially misrepresented that the Audio File at issue was infringing, and thus this assertion does not raise a genuine dispute of material fact.

**23.**

**Plaintiff's Statement No. 23:**

The sound recording originally located at <https://spinrilla.com/songs/2424582-jhene-aiko-the-vapors-ft-vince-staples> contained metadata which identified the audio file as containing the song *The Vapors* by Jhene Aiko, feature Vince Staples. (Declaration of Dylan Copeland at ¶ 24).

**Defendant's Response:**

RIAA objects to this assertion on the basis that Spinrilla failed to identify or make any allegations regarding this file in its Complaint.   The metadata associated with this file has no bearing on whether RIAA knowingly materially misrepresented

that the Audio File at issue was infringing, and thus this assertion does not raise a genuine dispute of material fact.

24.

**Plaintiff's Statement No. 24:**

The sound recording that was originally located at <https://spinrilla.com/songs/2424582-jhene-aiko-the-vapors-ft-vince-staples> is not a sound recording by Jhené Aiko; but, instead, is a sound recording by a female artist named Ilham. (Declaration of Dylan Copeland at ¶ 25 and Exhibit F).

**Defendant's Response:**

RIAA objects to this assertion on the basis that Spinrilla failed to identify or make any allegations regarding this file in its Complaint.   The nature of this entirely separate recording has no bearing on whether RIAA knowingly materially misrepresented that the Audio File at issue was infringing, and thus this assertion does not raise a genuine dispute of material fact.

25.

**Plaintiff's Statement No. 25:**

Spinrilla removed the sound recording originally located at <https://spinrilla.com/songs/2424582-jhene-aiko-the-vapors-ft-vince-staples> from

Spinrilla's service so that users no longer have access to that audio file. (Declaration of Dylan Copeland at ¶ 26).

**Defendant's Response:**

RIAA objects to this assertion on the basis that Spinrilla failed to identify or make any allegations regarding this file in its Complaint.   Whether or not Spinrilla removed this file has no bearing on whether RIAA knowingly materially misrepresented that the Audio File at issue was infringing or on the undisputed fact that Spinrilla failed to remove the Audio File, and thus this assertion does not raise a genuine dispute of material fact.

## 26.

**Plaintiff's Statement No. 26:**

On September 6, 2019, Spinrilla sent an email to Ken Doroshow, Chief Legal Officer of the RIAA informing the RIAA that "in some instances the RIAA is including in the Notices audio files based on text searches only, because the actual audio file does not match the artist/name of the sound recording listed in the Takedown Notice. (Declaration of D. Lilenfeld at ¶ 2 and Exhibit G).

**Defendant's Response:**

RIAA objects to this assertion on the basis that the email exchange Spinrilla references was unrelated to the Audio File at issue and has no bearing on whether

RIAA knowingly materially misrepresented that the Audio File was infringing. Thus, this assertion does not raise a genuine dispute of material fact.

RIAA additionally objects to this assertion on the basis that the evidence cited does not support Spinrilla's assertion.  In response to Spinrilla's accusation that RIAA requested removal of audio files based only on text searches, RIAA explicitly told Spinrilla that RIAA "is not requesting removal of content from Spinrilla based only on text searches."  Exhibit G to Decl. of David M. Lilenfeld ("Pl.'s Ex. G"), Dkt. 23-11.  RIAA confirmed that for each takedown notice sent by RIAA in recent months, "the infringements were confirmed by human ears before the notices were sent."  *Id.*

**27.**

**Plaintiff's Statement No. 27:**

In the September 6, 2019 email, Spinrilla requested that Defendant not request removal of content from Spinrilla's site based only on text searches. (Exhibit G).

**Defendant's Response:**

RIAA objects to this assertion on the basis that the email exchange Spinrilla references was unrelated to the Audio File at issue and has no bearing on whether RIAA knowingly materially misrepresented that the Audio File was infringing. Thus, this assertion does not raise a genuine dispute of material fact.

RIAA additionally objects to this assertion on the basis that the evidence cited does not support Spinrilla's assertion.  In response to Spinrilla's accusation that RIAA requested removal of audio files based only on text searches, RIAA explicitly told Spinrilla that RIAA "is not requesting removal of content from Spinrilla based only on text searches."  Pl.'s Ex. G.  RIAA confirmed that for each takedown notice sent by RIAA in recent months, "the infringements were confirmed by human ears before the notices were sent."  *Id.*

**28.**

**Plaintiff's Statement No. 28:**

Spinrilla also provided the RIAA with an example in which a takedown notice was sent and the audio file did not match the metadata, specifically an audio file that was originally located at <https://spinrilla.com/songs/906598-kvng-zuzi-nav-myself> (Declaration of David M. Lilenfeld at ¶ 3 and Exhibit G).

**Defendant's Response:**

RIAA objects to this assertion on the basis that the email exchange Spinrilla references was unrelated to the Audio File at issue and has no bearing on whether RIAA knowingly materially misrepresented that the Audio File was infringing. Thus, this assertion does not raise a genuine dispute of material fact.

RIAA additionally objects to this assertion on the basis that the evidence cited does not support the assertion.   As RIAA advised Spinrilla in the same email exchange, the "example" Spinrilla provided to RIAA was properly included in RIAA's takedown notice to Spinrilla.  Pl.'s Ex. G (September 26, 2019 email from RIAA: "Nav is a UMG artist (he records for Republic) and 'Myself' is a UMG-owned track.   Accordingly, the takedown notice for that track was entirely appropriate.").

**29.**

**Plaintiff's Statement No. 29:**

The RIAA "is the trade organization that supports and promotes the creative and financial vitality of major music companies." (Declaration of Kennington R. Groff at ¶ 3 and Exhibit H, <https://www.riaa.com/about-riaa/> last visited April 26, 2020).

**Defendant's Response:**

This assertion is improper insofar as it simply repeats a fact stated in RIAA's SUF, Def.'s SUF ¶ 1, and does not present an "additional fact[] which the respondent contends [is] material."  Local Rule 56.1(2)(b).  In any event, this assertion does not raise a genuine dispute of material fact.

**30.**

**Plaintiff's Statement No. 30:**

According to the RIAA, it "works to protect the intellectual property . . . of artists and music labels. (Declaration of Kennington R. Groff at ¶ 3 and Exhibit H, <https://www.riaa.com/about-riaa/> last visited April 26, 2020).

**Defendant's Response:**

This assertion is improper insofar as it simply repeats a fact stated in RIAA's SUF, Def.'s SUF ¶ 2, and does not present an "additional fact[] which the respondent contends [is] material."  Local Rule 56.1(2)(b).  In any event, this assertion does not raise a genuine dispute of material fact.

**31.**

**Plaintiff's Statement No. 31:**

As part of its solicitation of new members, Defendant makes the following claim:

> Utilizing a variety of tactics and tools, our anti-piracy staff works tirelessly to protect the copyrights of our member labels. For example, our expert online piracy team constantly monitors the illegal trading of copyrighted songs on the Internet and ***sends tens of millions of "takedown notices"*** for unauthorized songs to the illegal sites and services themselves, as well as to search engines, ISPs, and a variety of other online intermediaries.

(Declaration of Kennington R. Groff at ¶ 4 and Exhibit I, <https://www.riaa.com/about-riaa/become-an-riaa-member/>, last visited April 26, 2020) (emphasis added).

**Defendant's Response:**

This assertion is improper to the extent it simply repeats facts stated in RIAA's SUF, Def.'s SUF ¶ 2, and does not present an "additional fact[] which the respondent contends [is] material."  Local Rule 56.1(2)(b).  The non-duplicative portions of this assertion are not material, and, in any event, the assertion does not raise a genuine dispute of material fact.

## 32.

**Plaintiff's Statement No. 32:**

The RIAA has referred to the takedown process as "frustrating" and "extremely burdensome" and likened it to a game of "whack-a-mole". (Declaration of Kennington R. Groff at ¶ 5 and Exhibit J, Letter from Defendant and others representing the "music community" to the U.S. Copyright Office, located at <https://arstechnica.com/wp-content/uploads/2017/02/riaa.pdf> last visited Jan. 30, 2020).

**Defendant's Response:**

RIAA objects to this assertion on the basis that RIAA's statements about the relative burden of the DMCA takedown process has no bearing on whether RIAA knowingly materially misrepresented that the Audio File was infringing.  Thus, this assertion does not raise a genuine dispute of material fact.

**33.**

**Plaintiff's Statement No. 33:**

The RIAA has been on notice that other indicia of infringement are unreliable at least through the case of *Disney Enterprises, Inc. v. Hotfile Corp.*, No. 11-20427-CIV, where Hotfile counterclaimed for Section 512(f) violations and claimed that the use of automatic searching was a violation of Section 512(f). (Exhibit K, *Disney Enterprises, Inc. v. Hotfile Corp.*, No. 11-20427-CIV, 2013 WL6336286 (S.D. Fl. Sept. 20, 2013)).

**Defendant's Response:**

RIAA objects to this assertion on the basis that it relates to a separate case to which neither Spinrilla nor RIAA was a party and that involves different audio files and takedown notices.  Plainly, this assertion has no bearing on whether RIAA knowingly materially misrepresented that the Audio File was infringing.  This assertion does not raise a genuine dispute of material fact.

**34.**

**Plaintiff's Statement No. 34:**

Additionally, RIAA members again overclaimed infringement in *Warner Records Inc., et al v. Charter Communications, Inc.*, Case No. 19-cv-00874-RBJ-MEH where Plaintiffs filed a "Motion to Amend Exhibits To Complaint" requesting leave to file an Amendment dropping over 400 audio files originally accused of infringement and Charter has filed a counterclaim for violation of Section 512(f) (See Exhibit L and Exhibit M, Dkt Nos. 111 and 147 in *Warner Records Inc., et al v. Charter Communications, Inc.*, Case No. 19-cv-00874-RBJ-MEH).

**Defendant's Response:**

RIAA objects to this assertion on the basis that it relates to mere allegations, pleaded largely on information and belief, in a separate case to which neither Spinrilla nor RIAA was a party and that involves different audio files and takedown notices. Plainly, this assertion has no bearing on whether RIAA knowingly materially misrepresented that the Audio File was infringing. This assertion does not raise a genuine dispute of material fact.

## 35.

**Plaintiff's Statement No. 35:**

In its Counterclaim, Charter alleges that the songs were dropped because Plaintiffs in that case "do not 'own and/or control in whole or in part the copyrights and/or exclusive rights' in the works. (Exhibit M, Dkt. 147 in *Warner Records Inc., et al v. Charter Communications, Inc.*, Case No. 19-cv-00874-RBJ-MEH).

**Defendant's Response:**

RIAA objects to this assertion on the basis that it relates to mere allegations, pleaded largely on information and belief, in a separate case to which neither Spinrilla nor RIAA was a party and that involves different audio files and takedown notices.   Plainly, this assertion has no bearing on whether RIAA knowingly materially misrepresented that the Audio File was infringing.   This assertion does not raise a genuine dispute of material fact.

This 15th day of May, 2020.          Respectfully submitted,

                                     /s/ Andrew H. Bart
                                     _____

JENNER & BLOCK LLP                   TROUTMAN SANDERS LLP

ANDREW H. BART                       JAMES A. LAMBERTH
(Admitted *Pro Hac Vice*)            Georgia Bar No. 431851
OLIVIA G. HOFFMAN                    600 Peachtree Street, N.E.
(Admitted *Pro Hac Vice*)            Suite 3000, Bank of America Plaza
919 Third Avenue                     Atlanta, GA 30308-2216
New York, NY 10022                   Telephone: (404) 885-3362
Telephone: (212) 891-1600            Facsimile: (404) 962-6611
Facsimile: (212) 891-1699            james.lamberth@troutman.com
abart@jenner.com
ohoffman@jenner.com

**CERTIFICATE OF COUNSEL REGARDING FONT SIZE**

I, Andrew H. Bart, an attorney, hereby certify that the foregoing has been prepared with a font size and point selection (Times New Roman, 14 pt.) which is approved by the Court pursuant to Local Rules 5.1(C) and 7.1(D).

/s/ Andrew H. Bart

**CERTIFICATE OF SERVICE**

I, Andrew H. Bart, an attorney, hereby certify that on this 15th day of May, 2020, Defendant's Response to Plaintiff's Statement of Additional Material Facts was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send an electronic notification and a service copy of this filing to all counsel of record who have appeared in this matter.

/s/ Andrew H. Bart