UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SPINRILLA, LLC,

     Plaintiff,

     v.

RECORDING INDUSTRY
ASSOCIATION OF AMERICA, INC.,

     Defendant.

Civil Action No.
1:20-CV-00492-AT

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

## UNDISPUTED FACTS

Pursuant to <u>Federal Rule of Civil Procedure 56</u>, Local Rule 56.1, and the Court's Guidelines to Parties and Counsel Section III(h), Defendant Recording Industry Association of America, Inc. ("RIAA") respectfully submits this Reply to Plaintiff Spinrilla, LLC's ("Spinrilla") Response to RIAA's Statement of Material Facts.  These responses are filed in conjunction with Defendant's Reply in support of Defendant's Motion for Summary Judgment.

## BACKGROUND

## 1.

**Defendant's Statement No. 1:**

Defendant Recording Industry of America, Inc. ("RIAA") is a not-for-profit trade association "that supports and promotes the creative and financial vitality of major music companies."   Compl. ¶ 7; *see also* Declaration of Traci Crippen ("Crippen Decl.") ¶ 2.  Its member record companies create, manufacture, and/or distribute the large majority of all legitimate sound recordings produced and sold in the United States.  Crippen Decl. ¶ 2; Compl. ¶ 8.

**Plaintiff's Response:**

Spinrilla objects that the fact is immaterial but does not dispute the fact.

**Defendant's Reply:**

This fact is undisputed.  Spinrilla provides no justification for its objection to the materiality of the fact, which is material insofar as it describes RIAA's operations and provides context for RIAA's good faith determination to send the takedown notice containing the sole audio file identified in the Complaint (the "Audio File").

**2.**

**Defendant's Statement No. 2:**

One of RIAA's critical functions is to assist its members in fighting online piracy and protecting their intellectual property rights, including through notice and takedown operations.  Crippen Decl. ¶ 3; Compl. ¶ 29.

**Plaintiff's Response:**

Spinrilla does not dispute that the RIAA contends that part of its mission is to protect the intellectual property rights of its members but objects to the use of "online piracy" as not material to the motion or, if material, inadmissible under Federal Rule of Evidence 403 because any probative value is outweighed by unfair prejudice because the term is pejorative and Spinrilla does not engage in online piracy.

**Defendant's Reply:**

This fact is undisputed.  Spinrilla's purported objection to the use of the term "online piracy" in connection with RIAA's description of its mission is irrelevant

because the fact at issue does not accuse Spinrilla of engaging in online piracy and because it cannot be disputed that online piracy exists.  For the same reason, the use of a relevant term is not barred under Federal Rule of Evidence 403 nor is it relevant that Spinrilla categorizes that term as "pejorative."  *See, e.g.*, *United States v. Bynes*, No. CR418-153, 2019 WL 4734598, at \*5 (S.D. Ga. Sept. 26, 2019).

**3.**

**Defendant's Statement No. 3:**

RIAA's notice and takedown operations are overseen by Traci Crippen, an RIAA employee who has worked at RIAA for twenty-two years and who currently serves as Vice President of Operations, Content Protection.  Crippen Decl. ¶ 4.

**Plaintiff's Response:**

Spinrilla objects to the fact as containing information that is exclusively within Defendant's control; Spinrilla should be afforded the opportunity to conduct discovery regarding Ms. Crippen's credentials, especially those regarding her ability to determine infringement as set forth in Spinrilla's concurrently filed Rule 56(d) Motion. Spinrilla further objects that the credentials set forth in Fact No. 3 are immaterial because they are not relevant to whether Ms. Crippen has the ability to conduct a copyright infringement analysis, or any experience in such analysis.

**Defendant's Reply:**

This fact is undisputed.  Spinrilla has failed to refute RIAA's fact or otherwise properly respond.  *See* L.R. 56.1(B)(2)(a)(2).  Further, this fact is material because it describes RIAA's operations and provides context for RIAA's good faith determination to send the takedown notice containing the Audio File.  The subject of whether the Court should permit Spinrilla to conduct discovery is not raised by the fact at issue and is thus improper argument by Spinrilla.

**4.**

**Defendant's Statement No. 4:**

Plaintiff Spinrilla LLC ("Spinrilla") is an online provider of "mixtape music" that operates web and mobile applications on which users may stream or download music uploaded by its users.  *Id.* ¶ 5; Compl. ¶ 16.

**Plaintiff's Response:**

Partially undisputed. Spinrilla does not dispute that it is an online provider that operates on web and mobile applications or that Spinrilla provides mixtape music – uploaded by users – that users may stream or download. However, in addition to being an online provider of mixtapes, Spinrilla also provides singles. (Declaration of Copeland at ¶¶ 2, 3, 7, 10).

**Defendant's Reply:**

This fact is undisputed.  Spinrilla does not dispute the substance of RIAA's fact.  The Court should reject its improper attempt to insert additional allegations into its response.  *See Brown v. Hancock*, No. 1:07-CV-1416, <u>2009 WL 10668309</u>, at *7 n.15 (N.D. Ga. Jan. 27, 2009), *report and recommendation adopted*, No. 1:07-CV-1416-TCB, <u>2009 WL 10670922</u> (N.D. Ga. Feb. 18, 2009) (disregarding non-movant's additions to the asserted fact that were "immaterial and [did] not controvert" that fact).

**"2 MINUTE WARNING"**

**5.**

**Defendant's Statement No. 5:**

This case involves an audio file ("Audio File") called "2 Minute Warning ft Detail and K-CI & JoJo (Chopped and Screwed)," by Big Sean and Jhene Aiko (TWENTY88), available at the following hyperlinked location on the Spinrilla website:

> https://spinrilla.com/songs/2480250-big-sean-and-jhene-aiko-twenty88-2-minute-warning-ft-detail-and-k-ci-jojo-chopped-and-screwed

Crippen Decl. ¶ 5; Ex. A to Crippen Decl.; Compl. ¶ 43.

**Plaintiff's Response:**

Partially undisputed. Spinrilla does not dispute that this case involves the Audio File referenced in Fact 5, but this case also involves other audio files included in takedown notices sent by the RIAA. (*See* Declaration of Dylan Copeland at ¶¶ 17-19, 23-26 for two examples).

**Defendant's Reply:**

This fact is undisputed.  Spinrilla does not dispute the substance of RIAA's fact.  It is grossly improper for Spinrilla to use this undisputed fact to make the unrelated and baseless argument that this case also encompasses other audio files not identified in the Complaint.  The Court should reject its improper attempt to insert additional allegations into its response.  *See Brown*, 2009 WL 10668309, at *7 n.15.

**6.**

**Defendant's Statement No. 6:**

The Audio File was brought to RIAA's attention by RIAA member Universal Music Group ("UMG"), which included it in a list of infringing audio files that were available on Spinrilla and requested that RIAA send a takedown notice to Spinrilla. Crippen Decl. ¶ 7.

**Plaintiff's Response:**

The fact is not material. If the Court finds that the fact is material, Spinrilla objects to the fact as containing information that is exclusively within Defendant's control; Spinrilla should be afforded the opportunity to conduct discovery regarding the facts and circumstances concerning the RIAA's investigation regarding the Audio File as set forth in Spinrilla's concurrently filed Rule 56(d) Motion. Spinrilla further objects to the fact to the extent that it states as a "fact" that the Audio File is infringing, whether or not the Audio File is infringing is a legal conclusion; thus, Spinrilla objects to the "fact" under Local Rule 56.1(B). Spinrilla disputes that the Audio File is substantially similar to the copyrighted sound recording. (*See* Exhibit E).

**Defendant's Reply:**

This fact is undisputed.  This fact is material because it supports RIAA's good faith belief that the Audio File was infringing. The subject of whether the Court should permit Spinrilla to conduct discovery is not raised by the fact at issue and is thus improper argument by Spinrilla.  Further, Spinrilla does not raise a material

dispute of fact with respect to the use of the word "infringing" because RIAA's fact does not "state[] as a 'fact' that the Audio File is infringing."

**7.**

**Defendant's Statement No. 7:**

The Audio File appears on a mixtape on Spinrilla called "TWENTY88 (Chopped and Screwed)." *Id.* ¶ 8; Ex. B to Crippen Decl.  The list of tracks on that mixtape is nearly identical to the list of tracks that appear on the album "TWENTY88" by the hip hop duo TWENTY88, which is exclusively distributed by Def Jam Recordings, one of UMG's family of record labels.  Crippen Decl. ¶ 8; *compare* Ex. B to Crippen Decl. (mixtape on Spinrilla), *with* Ex. C to Crippen Decl. (official release).  The only differences between the two track lists are that the mixtape includes the words "Chopped and Screwed" after each track title, and that the third track on the mixtape substitutes the word "My" for the word "the."  Crippen Decl. ¶ 8; *compare* Ex. B to Crippen Decl., *with* Ex. C.

**Plaintiff's Response:**

Spinrilla objects that the fact is not material. In additional response, Spinrilla incorporates Fact Nos. 26-28 from its contemporaneously filed Statement of Additional Material Facts.

**Defendant's Reply:**

This fact is undisputed.  This fact is material because it supports RIAA's good faith belief that the Audio File was infringing.   The referenced paragraphs of Spinrilla's Statement of Additional Material Facts are unrelated to the Audio File at issue, irrelevant, and do not raise a triable dispute with respect to this fact or any others.

**8.**

**Defendant's Statement No. 8:**

The remaining seven files on the mixtape "TWENTY88 (Chopped and Screwed)," apart from the Audio File, have been disabled and are not currently available to stream or download on Spinrilla.  Crippen Decl. ¶ 9.

**Plaintiff's Response:**

Spinrilla objects that the fact is not material. In additional response, Spinrilla incorporates Fact Nos. 26-28 from its contemporaneously filed Statement of Additional Material Facts.

**Defendant's Reply:**

This fact is undisputed.  This fact is material because it supports RIAA's good faith belief that the Audio File was infringing.   The referenced paragraphs of Spinrilla's Statement of Additional Material Facts are unrelated to the Audio File at

issue, irrelevant, and do not raise a triable dispute with respect to this fact or any others.

**9.**

**Defendant's Statement No. 9:**

The webpage for this mixtape also displays a lightly edited, infringing version of the copyrighted album artwork for the album "TWENTY88."  Crippen Decl. ¶ 10; *compare* Ex. B to Crippen Decl. (mixtape artwork on Spinrilla), *with* Ex. C to Crippen Decl. (official album artwork).  This infringing album artwork is contained in the metadata of the Audio File as well.  Crippen Decl. ¶ 10.

**Plaintiff's Response:**

Spinrilla objects that the fact is not material. In additional response, Spinrilla incorporates Fact Nos. 26-28 from its contemporaneously filed Statement of Additional Material Facts.

**Defendant's Reply:**

This fact is undisputed.  This fact is material because it supports RIAA's good faith belief that the Audio File was infringing.   The referenced paragraphs of Spinrilla's Statement of Additional Material Facts are unrelated to the Audio File at issue, irrelevant, and do not raise a triable dispute with respect to this fact or any others.

## 10.

**Defendant's Statement No. 10:**

The Audio File was flagged by UMG as infringing after an employee of UMG's content protection team listened to it and determined that the beginning of the Audio File contained a portion of the copyrighted sound recording "2 Minute Warning" by the artist TWENTY88, and that the final portion contained part of the copyrighted sound recording "Talk Show" by the same artist. *Id.* ¶ 11. "Talk Show" is the track that follows immediately after "2 Minute Warning" on the official commercially-released version of the "TWENTY88" album. *Id.*; Ex. C. to Crippen Decl.

**Plaintiff's Response:**

Spinrilla objects that the fact is not material. If the Court finds that the fact is material, Spinrilla objects to the fact as containing information that is exclusively within Defendant's control; Spinrilla should be afforded the opportunity to conduct discovery regarding the facts and circumstances concerning the RIAA's investigation regarding the Audio File as set forth in Spinrilla's concurrently filed Rule 56(d) Motion. Spinrilla further objects to the fact to the extent that it states as a "fact" that the Audio File is infringing, whether or not the Audio File is infringing is a legal conclusion; thus, Spinrilla objects to the "fact" under Local Rule 56.1(B).

Spinrilla disputes that the Audio File is substantially similar to the copyrighted sound recording. (*See* Exhibit E).

**Defendant's Reply:**

This fact is undisputed.  This fact is material because it supports RIAA's good faith belief that the Audio File was infringing.  The subject of whether the Court should permit Spinrilla to conduct discovery is not raised by the fact at issue and is thus improper argument by Spinrilla.  Moreover, Spinrilla's objection to the use of the word "infringing" is irrelevant because RIAA's fact does not "state[] as a 'fact' that the Audio File is infringing."

## 11.

**Defendant's Statement No. 11:**

After UMG brought the Audio File to RIAA's attention, Ms. Crippen listened to the Audio File.  Crippen Decl. ¶ 12.  Upon listening, she determined that the Audio File infringed UMG's copyrighted sound recordings, and that it did not fall within the fair use exception.  *Id.*

**Plaintiff's Response:**

Disputed. Spinrilla disputes that (1) Ms. Crippen formed a good faith belief that the Audio File infringed and/or did not qualify for fare use. The Audio File (Exhibit E) is over 7 minutes long with mostly blank audio. (Declaration of Dylan

Copeland at ¶ 22). Spinrilla also objects to the fact as containing information that is exclusively within Defendant's control; Spinrilla should be afforded the opportunity to conduct discovery regarding the facts and circumstances concerning the RIAA's investigation regarding the Audio File and Ms. Crippen's credentials and credibility as set forth in Spinrilla's concurrently filed Rule 56(d) Motion.

**Defendant's Reply:**

This fact is undisputed.  Although Spinrilla purports to dispute the fact that Ms. Crippen listened to the Audio File and determined that it infringed UMG's copyrights, Spinrilla has failed to "directly refute[]" this fact with reference to "specific citations to evidence."  L.R. 56.1(B)(2)(a)(2).   Its citation to the Audio File itself does not support its position, since it contains copyrighted portions of sound recordings that are exclusively distributed by UMG.  Def.'s SUF ¶¶ 7, 10. Moreover, the subject of whether the Court should permit Spinrilla to conduct discovery is not raised by the fact at issue and is thus improper argument by Spinrilla.

**12.**

**Defendant's Statement No. 12:**

On January 16, 2020, RIAA sent a takedown notice to Spinrilla requesting that it remove 58 audio files from its platforms, including the Audio File.  *Id.* ¶ 13; Ex. D to Crippen Decl.; Compl. ¶ 43.

**Plaintiff's Response:**

Undisputed.

**Defendant's Reply:**

This fact is undisputed.

## 13.

**Defendant's Statement No. 13:**

The Audio File is currently available for stream or download on Spinrilla.

Crippen Decl. ¶ 14; Ex. A to Crippen Decl; Compl. ¶ 43.

**Plaintiff's Response:**

Undisputed.

**Defendant's Reply:**

This fact is undisputed.

This 15th day of May, 2020.       Respectfully submitted,

/s/ Andrew H. Bart

JENNER & BLOCK LLP       TROUTMAN SANDERS LLP

ANDREW H. BART       JAMES A. LAMBERTH
(Admitted *Pro Hac Vice*)       Georgia Bar No. 431851
OLIVIA G. HOFFMAN       600 Peachtree Street, N.E.
(Admitted *Pro Hac Vice*)       Suite 3000, Bank of America Plaza
919 Third Avenue       Atlanta, GA 30308-2216
New York, NY 10022       Telephone: (404) 885-3362
Telephone: (212) 891-1600       Facsimile: (404) 962-6611
Facsimile: (212) 891-1699       james.lamberth@troutman.com
abart@jenner.com
ohoffman@jenner.com

16

**CERTIFICATE OF COUNSEL REGARDING FONT SIZE**

I, Andrew H. Bart, an attorney, hereby certify that the foregoing has been prepared with a font size and point selection (Times New Roman, 14 pt.) which is approved by the Court pursuant to Local Rules 5.1(C) and 7.1(D).

/s/ Andrew H. Bart

**CERTIFICATE OF SERVICE**

I, Andrew H. Bart, an attorney, hereby certify that on this 15th day of May, 2020, Defendant's Reply to Plaintiff's Response to Defendant's Statement of Undisputed Material Facts was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send an electronic notification and a service copy of this filing to all counsel of record who have appeared in this matter.

/s/ Andrew H. Bart