IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SPINRILLA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | 1:20-cv-0492-AT |
| | ) | |
| RECORDING INDUSTRY ASSOCIATION OF AMERICA, INC., | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## SPINRILLA, LLC'S REPLY IN FURTHER SUPPORT OF ITS RULE 56(D) MOTION

Spinrilla, LLC ("Spinrilla") files this Reply in Further Support of Its Motion under Rule 56(d) (Dkt. 24), which requested that the Court defer ruling of Defendant's Motion for Summary Judgment (Dkt. 13) until thirty (30) days after the close of the discovery period.

**I.   Introduction**

The Court should deny Defendant's Motion for Summary Judgment (Dkt. 13) on the merits because Spinrilla has presented evidence creating genuine disputes of material facts. (*See* Pl. Opp., Dkt. 23). If the Court does not, however, Spinrilla seeks to conduct relevant, necessary discovery to allow it to provide further evidence in opposition to that Motion. In particular, Spinrilla should be afforded the opportunity

to conduct written discovery and take, at least, the deposition of Ms. Traci Crippen. Defendant argues that Ms. Crippen's testimony establishes Defendant's subjective good faith belief that the *2 Minute Warning* audio file listed as an example of one of Defendant's 512(f) violations in Paragraph 43 of the Complaint ("Audio File") was non-infringing. (Def. Br., Dkt. 13-1 at 14). Spinrilla is entitled to take the deposition of Ms. Crippen to probe the basis for that claim.

## II.     Argument and Citation to Authorities

In opposing Spinrilla's Rule 56(d) Motion, Defendant argues that discovery is unnecessary and will not raise a genuine issue of material fact. (Def. Br., Dkt. 36, at 13). Defendant even claims that Spinrilla has all facts necessary to respond to Defendant's summary judgment motion. (*Id.*). Unsurprisingly, in its discussion of the purportedly "irrelevant" discovery Spinrilla seeks to conduct, Defendant is silent as to the deposition of Ms. Crippen sought by Spinrilla. That deposition (and background discovery to inform the deposition) is critical to for Spinrilla to fully respond to Defendant's assertion that Ms. Crippen's alleged good faith belief that the audio file *2 Minute Warning* was infringing.

The Eleventh Circuit "has often noted that summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery." (*Snook v. Tr. Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870

(11th Cir. 1988)). Spinrilla has "a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable [them] to determine whether [they] can furnish opposing affidavits." (*Id.*) (citing Parrish v. Bd. of Comm'rs of the Ala. State Bar, 533 F.2d 942, 948 (5th Cir. 1976)). In filing for summary judgment *before* the start of discovery and arguing that Spinrilla should not be allowed to take Ms. Crippen's deposition, Defendant seeks to deprive Spinrilla of that right.

Moreover, the other discovery Spinrilla seeks is likewise relevant to Spinrilla's opposition to Defendant's summary judgment motion. Defendant argues that discovery regarding its "general policies regarding identification of allegedly infringing songs," "knowledge of material misrepresentations in takedown notices sent to third parties," and Defendant's "motivation to send-over inclusive takedown notices" is irrelevant to Defendant's summary judgment motion. (Def. Br., Dkt. 36, at 13-14). But, these topics are *directly relevant.*

In its Motion for Summary Judgment, Defendant argued that "other indicia of infringement" demonstrate Defendant's good faith belief that the *2 Minute Warning* audio file was infringing. (Def. Br, Dkt. 13-1, at 19). Spinrilla countered that argument with evidence regarding Defendant's knowledge that such indicia are inherently unreliable. (Pl. Opp., Dkt. 23, at 21-22). In addition, Spinrilla argued that

Defendant has a motive to overclaim infringement (*Id.* at 22). That same motive to overclaim infringement was sufficient to create a genuine issue of material fact in *Disney Enterprises, Inc., v. Hotfile Corp.,* No. 11-20427-CIV, 2013 WL 6336286 (S.D. Fl. September 20, 2013). In addition, Spinrilla showed that Defendant has heavily criticized the takedown process, calling it "frustrating" and "extremely burdensome." (Pl. Opp., Dkt. 23, at 22). Accordingly, discovery into the topics such as Defendant's general policies regarding identification of allegedly infringing songs, knowledge of material misrepresentations in takedown notices sent to third parties, and Defendant's motivation to send-over inclusive takedown notices is relevant to the summary judgment motion and may reveal additional facts to support Spinrilla's opposition to that motion.

### IV.   Conclusion

For the foregoing reasons, Spinrilla requests that should the Court not deny Defendant's Motion for Summary Judgment outright, the Court allow Spinrilla to conduct discovery, including the deposition of Traci Crippen so that it may present additional facts essential to resolution of the motion, including facts that pertain to Defendant's alleged good faith belief that audio files contained in the takedown notices infringed copyrights held by Defendant's members.

Respectfully submitted this 12th day of June, 2020.

**LILENFELD PC**

/s/David M. Lilenfeld
David M. Lilenfeld
Georgia Bar No. 452399
Robin L. Gentry
Georgia Bar No. 289899
Kennington R. Groff
Georgia Bar No. 782901

3379 Peachtree Road NE, Suite 980
Atlanta, Georgia 30326
Telephone: (404) 201-2520
Facsimile: (404) 393-9710
david@lilenfeld.com
robin@lilenfeld.com
kg@lilenfeld.com

*Attorneys for Plaintiff Spinrilla, LLC*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

I certify that the foregoing document is written in 14-point Times New Roman font in accordance with Local Rule 5.1.

*/s/David M. Lilenfeld*
David M. Lilenfeld

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SPINRILLA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | 1:20-CV-0492-AT |
| | ) | |
| RECORDING INDUSTRY ASSOCIATION OF AMERICA, INC., | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2020, the foregoing REPLY IN FURTHER SUPPORT OF SPINRILLA, LLC'S RULE 56(d) MOTION was filed electronically with the Court using the CM/ECF system, which action will cause automatic electronic notification of the filing from the Court to be served upon the following:

*Andrew H. Bart*　　*Olivia G. Hoffman*　　*James A. Lamberth*
*abart@jenner.com*　*ohoffman@jenner.com*　*James.lamberth@troutman.com*

Dated: June 12, 2020.

*/s/ David M. Lilenfeld*
David M. Lilenfeld